UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| | : | 3:04-CR 00138 (JCH) |
| v. | : | |
| KEEROME SUGGS | : | FEBRUARY 24, 2012 |

**RULING RE: DEFENDANT'S MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE, 18 U.S.C. § 3582 (DOC. NO. 2680)**

**I.    INTRODUCTION**

On January 12, 2012, defendant, Keerome Suggs, filed a pro se Motion for Reduction of Sentence, seeking a reduction in the sentence originally imposed on October 20, 2005. See Doc. Nos. 1612, 2680. For the reasons set forth below, the Motion is denied.

**II.    DISCUSSION**

On June 9, 2005, Suggs pled guilty to conspiring to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A)(iii). See Doc. No. 1294. On October 20, 2005, this court sentenced Suggs to 132 months imprisonment and seven years supervised release. See Doc. No. 1639. At the time of sentencing, the court found that Suggs was a career offender pursuant to U.S.S.G. § 4B1.1(b)(A). See Tr. at 5. After accounting for the acceptance of responsibility, the court found a total offense level of 34, criminal history category VI, and a sentencing range of 262 to 327 months. See id. at 6. The sentence imposed,

1

however, was a downward departure pursuant to United States v. Mishoe, 241 F.3d 214 (2d Cir. 2001) and U.S.S.G. § 5K2.0.

In accordance with § 1B1.10(a)(2)(B), a reduction in the term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range. Application Note 1(A) defines the "applicable guideline range" to mean "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." Here, Suggs's applicable guideline range was calculated pursuant to § 4B1.1, and Amendment 750 does not affect that calculation.[1] Consequently, Suggs's Motion is **denied**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 24th day of February, 2012.

       /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge

---

[1] Although application of the Fair Sentencing Act would affect this calculation, clear precedent dictates that the Fair Sentencing Act does not apply to those who committed their offense before the Fair Sentencing Act took effect. See United States v. Acoff, 634 F.3d 200, 202 (2d Cir. 2011).