UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|---|---|---|
| | : | 3:04-CR-00138 (JCH) |
| v. | : | |
| TYRONE STOKES | : | MARCH 28, 2012 |

**RULING RE: MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE, 18 U.S.C. § 3582 (DOC. NO. 2709)**

On November 7, 2011, the defendant, Tyrone Stokes, filed a Motion to Appoint Counsel, seeking representation to assist him in filing a motion pursuant to 18 U.S.C. § 3582. See Doc. No. 2639. On March 23, 2012, court appointed counsel filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense. See Doc. No. 2709.

On January 10, 2005, Stokes pled guilty to possession with the intent to distribute at least 150 grams but less than 500 grams of cocaine base, in violation of 21 U.S.C. § 846. See Plea Agreement (Doc. No. 905) at 1. On May 6, 2005, this court sentenced Stokes to 120 months of imprisonment, the mandatory minimum term of imprisonment for the offense. See Judgment (Doc. No. 1217). The court also imposed five years of supervised release, the mandatory minimum term of supervised release for the offense. Id.

Stokes seeks to reduce to his sentence based on a retroactive application of the sentencing guidelines and the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (codified as amended in scattered sections of 18 U.S.C.). Doc. No. 2639. It is true that "the United States Sentencing Commission amended the sentencing

guidelines in light of the [Fair Sentencing Act], and in June 2011 voted to give retroactive effect to the amendment." United States v. Midyett, No. 10-cr-2478, 2011 WL 5903672, at *2 n.2 (2d Cir. Nov. 28, 2011). The retroactivity of the amended guidelines does not change the fact that the Fair Sentencing Act is not itself retroactive. Id. Thus, the amended guidelines "cannot benefit a defendant . . . who received the mandatory minimum term of imprisonment applicable at the time he was sentenced." Id.; United States v. Williams, 551 F.3d 182, 185-86 (2d Cir. 2009). Because Stokes was sentenced to the statutory mandatory minimum, he is not eligible for a reduced sentence.[1] Therefore, the Motion to Reduce Sentence (Doc. No. 2709) is **DENIED. SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of March, 2012.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] Stokes's attorney agrees that Stokes is not eligible for a reduced sentence. See Doc. No. 2709.